UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

HOPE ROBINSON,

     Plaintiff,                          CASE NO.

vs.                               JURY TRIAL DEMANDED

ACCOUNT DISCOVERY
SYSTEMS, LLC,

     Defendant.

_____/

## COMPLAINT

Plaintiff, HOPE ROBINSON ("Plaintiff"), files the following Complaint against Defendant, ACCOUNT DISCOVERY SYSTEMS, LLC ("Defendant") and alleges the following.

1.      This is an action for damages arising from Defendants' violations of Florida's Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. 1692 §§ *et seq.* ("FDCPA").

## PARTIES

2.      Plaintiff is an individual residing in West Palm Beach, Florida.

3.      Plaintiff is a "consumer" as that term is defined by Fla. Stat. § 559.55(2) and by 15 U.S.C. § 1692a(3).

4.      Defendant is upon information and belief, a New York entity authorized to conduct business in the State of Florida. Defendant maintains a registered agent in the State of Florida. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as one of its principal areas of business. As

-1-

such, Defendant is a "debt collector" within the meaning of the FDCPA and a "person" subject to

regulation under the FCCPA.

## JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction pursuant 15 U.S.C. § 1692k(d) and 28

U.S.C. § 1331, since the claims alleged against the Defendant arose under the FDCPA.

6.      This Court should exercise Supplemental Jurisdiction over the Florida State law

claims asserted herein pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the acts

giving rise to this action occurred in this District.

## STATEMENT OF FACTS

8.      Plaintiff allegedly incurred a debt associated with a pay day loan, which was

incurred primarily for Plaintiff's personal, family, or household purposes.

9.      Thereafter, Plaintiff defaulted on the subject debt.  At some point after Plaintiff

defaulted on the Subject Debt, it was either consigned and/or placed with Defendant for

collection from the Plaintiff.

10.     On June 9, 2014 at 6:21 p.m. a call was made to Plaintiff's cell phone from the

Defendant's number, 866-414-4297.  At or around 7:56 p.m. that same day, Plaintiff returned the

call.  A representative of Defendant identified as Mike Cougar picked up the phone and began

speaking with Plaintiff.

11.     During the conversation Plaintiff informed Mr. Cougar that she was returning a

call from the 866-414-4297 number.  He then asked if the Plaintiff's name was Hope and he

informed Plaintiff that Defendant was calling about a check smart loan that he said was taken out

in 2006.  Plaintiff then asked what the loan was about and Mr. Cougar said it was a pet smart loan then he laughed and said that he meant check smart loan.

12.     Plaintiff then informed Mr. Cougar that the debt was past the statute of limitations.  In response, Mr. Cougar said "that's fine, since you want to talk statutes then we will just serve you and take you to civil court" (or something to that effect).  Defendant's representative then hung up on Plaintiff.  Notably, during the conversation Defendant's representative failed to provide Plaintiff with the requisite mini-miranda warning, i.e., that he was a debt collector attempting to collect a debt.

13.     That same evening, Plaintiff called Defendant back.  A representative picked up the phone and Plaintiff asked the representative to be transferred to a manager.  Plaintiff was transferred to a team leader and she complained to the team leader about her prior conversation with Mr. Cougar.  Plaintiff informed the team leader that Mr. Cougar failed to verify her identity, failed to provide her the mini-miranda, and threatened her with a lawsuit.  The team leader represented to Plaintiff that the debt is not outside the statute of limitations, and Plaintiff disagreed with this representation.  Plaintiff then asked if the prior representative was being true when he threatened to file a lawsuit against her.  The individual then responded by saying yes, that the Defendant can sue her.  The team leader also represented to Plaintiff that Defendant is a debt buyer and does not have to verify her identity or provide the mini-miranda.

14.     Plaintiff was then transferred to the manager on duty, Mike Jones.  Plaintiff informed Mr. Jones of what had transpired during her conversation with Mr. Cougar and the team leader.  Mr. Jones advised Plaintiff that he had already been told about the conversations.  Mr. Jones also informed Plaintiff that Defendant did not purchase the debt, that Defendant does not sue on debts, and that it is Defendant's policy to mini-miranda every debtor during the

conversation. Importantly, Mr. Jones informed Plaintiff that the debt was in deed outside of the statute of limitations, and it had been for some time. During the conversation, Mr. Jones conceded to Plaintiff that a violation of the FDCPA had been committed.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

15. Plaintiff incorporates by reference paragraphs 1 through 14 of this Complaint as though stated fully herein.

16. The foregoing acts and omissions of Defendant constitute violations of the FDCPA: 15 U.S.C. §§ 1692e, 1692e(10), 1692e(11).

17. As a result of NCA's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages in an amount up to $1,000.00, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE Plaintiff demands judgment against Defendant for statutory damages, actual damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

**COUNT II**
**VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT**

18. Plaintiff incorporates by reference paragraphs 1 through 14 of this Complaint as though fully stated herein.

19. The foregoing acts and omissions of Defendant constitute violations of the FCCPA:

      a. Fla. Stat. 559.72(7): Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

      b. Fla. Stat. 559.72(9): Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of

some other legal right when such person knows that the right does not exist.

20.     As a result of Defendant's violations of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to actual damages, and statutory damages in an amount up to $1,000.00 for each violation of the FCCPA, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages, statutory damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERITIFY that on this 19th day of June, 2014 the foregoing was filed through the ECF system.

 _/s/ **Paul R. Fowkes**_
Paul R. Fowkes, Esq.
Fla. Bar No. 723886
Disparti Law Group, P.A.
1041 US Highway 19
Holiday, Florida 34691
(813) 221-0500
(813) 228-7077 (Facsimile)
*Attorneys for Plaintiff*